# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

TED BROUGHTON, on behalf of himself
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                          Case No. :

PAYROLL MADE EASY, INC.,
d/b/a CONTINUUM HR,
a Florida corporation,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TED BROUGHTON, on behalf of himself, the putative classes set forth below, and in the public interest, brings this Class Action Complaint against PAYROLL MADE EASY, INC. d/b/a CONTINUUM HR, including any subsidiaries, affiliates or related entities, collectively ("Payroll Made Easy" or Defendant,")[1], for violations of the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff seeks to hold Payroll Made Easy accountable for violating his federally protected privacy rights.

## PRELIMINARY STATEMENT

1. The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a consumer report for an employment purpose. The use of a consumer report for employment purposes only becomes lawful if the consumer reporting agency and person procuring the report comply with the FCRA's strict requirements.

---

[1] There are also filings with the Florida Secretary of State for seemingly related entities Payroll Made Easy II, Inc.; Payroll Made Easy III, Inc. and ContinuumHR of Florida, LLC. However, according to the Florida Department of Business and Professional Regulation, Payroll Made Easy Inc. d/b/a ContinuumHR is the only entity with an "Employee Leasing Company Group" license.

2. Payroll Made Easy willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

3. Payroll Made Easy violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without providing them a lawful disclosure before obtaining a copy of their consumer report.

4. Payroll Made Easy violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without their lawful authorization.

5. Plaintiff asserts FCRA claims against Payroll Made Easy on behalf of himself and others to whom Payroll Made Easy did not provide a lawful disclosure or from whom Payroll Made Easy did not obtain lawful authorization prior to procuring their consumer report for employment purposes.

6. In Count I, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(i) on behalf of a "Background Check Class" consisting of:

> **All Payroll Made Easy, Inc. employees and job applicants in the United States who were subject of a consumer report for employment purposes to whom Payroll Made Easy, Inc. failed to provide a lawful disclosure before procuring the report as required by 15 U.S.C. § 1681b(b)(2)(A) within two years of the filing of this complaint through the date of final judgment in this action.**

7. In Count II, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(ii) on behalf of a "Invalid Authorization Class" consisting of:

> **All employees and job applicants in the United States subject of a consumer report procured by Payroll Made Easy, Inc. for employment purposes but from whom Payroll Made Easy, Inc. did not first obtain lawful authorization in the two years preceding the filing of this action through the date of final judgment.**

8. On behalf of himself and the putative classes, Plaintiff seeks statutory damages, costs and attorneys' fees, and other appropriate relief under the FCRA.

## THE PARTIES

9. Individual and representative Plaintiff, Ted Broughton ("Plaintiff") is a consumer and a member of the putative classes.

10. Payroll Made Easy is an employee leasing company and is a user of consumer reports for employment purposes as contemplated by the FCRA, at 15 U.S.C. § 1681b.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

12. Venue is proper in the United States District Court for the Middle District of Florida, Ft. Myers Division, because Defendant is headquartered in the Middle District of Florida.

13. Payroll Made Easy obtains background checks on job applicants for employment purposes.

### *FCRA Requirements for Procuring Employment-Purposed Consumer Reports*

14. The FCRA makes it illegal to procure a consumer report or cause a consumer report to be procured for employment purposes unless certain requirements are satisfied. Specifically, in relevant part:

> **(2)   Disclosure to Consumer**.
>
> (A)   *In general.* Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless -

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)(emphasis added)

15. Payroll Made Easy did not provide consumers a document consisting solely of the disclosure before procuring their consumer reports for employment purposes.

16. Payroll Made Easy did not obtain consumers' lawful written authorization before procuring their consumer reports for employment purposes.

17. The purpose of the FCRA notice provisions, including § 1681b(b)(2)(A)(i), is to put consumers on notice that their consumer report is being procured for employment purposes, who is procuring the consumer report and who is accessing their personal information contained within their consumer report.[2] This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers to decide who accesses their personal, sensitive information.

18. Without clear notice as to who is obtaining and accessing their personal, sensitive information, applicants and employees are deprived of the opportunity to make informed decisions, assert protected rights, or maintain control over their personal information. Control over one's personal and sensitive information is a fundamental right dating back to English common law.

19. Payroll Made Easy knowingly and recklessly disregarded case law and

---

[2] The "notice" concept is woven into the fabric of the FCRA, as notice requirements are present in 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action); § 1681b(4)(B) (notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681(g) (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and §1681(m)(a) (notice of adverse action)

regulatory guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer reports on applicants and employees without providing a clear and conspicuous disclosure or obtaining their written authorization ahead of time.

20. Payroll Made Easy 's conduct is also willful because:

  a. Payroll Made Easy is a large and sophisticated employer in the property management industry with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

  b. Payroll Made Easy knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute; and

  c. Payroll Made Easy voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

21. Payroll Made Easy acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and the other "Background Check" and "Invalid Authorization" class members.

## ALLEGATIONS SPECIFIC TO PLAINTIFF

22. Payroll Made Easy is an employee leasing that conducts business under the fictitious name "Continuum HR."

23. In March 2018 Plaintiff applied for employment with Blue Magma Residential, LLC.

24. On or about March 27, 2018 Payroll Made Easy provided Plaintiff with a purported FCRA disclosure. (See Exhibit A – *Background Check Consent Form*).

25. The *Background Check Consent Form* failed to disclose Payroll Made Easy intended to procure Plaintiff's consumer report from a consumer reporting agency. In fact, the *Background Check Consent Form* falsely implies Payroll Made Easy (not a consumer reporting

5

agency) would be compiling Plaintiff's consumer report information. Consequently, Plaintiff did not understand Payroll Made Easy was procuring his consumer report from a consumer reporting agency and did not authorize Payroll Made Easy to procure his consumer report from a consumer reporting agency.

26. The *Background Check Consent Form* failed to disclose Payroll Made Easy intended to procure Plaintiff's consumer report for employment purposes. Consequently, Plaintiff did not understand his consumer report was being used for employment purposes.

27. The *Background Check Consent Form* contained an illegal liability waiver, purporting to release Payroll Made Easy HR and/or its agents and any person or entity providing information included in the investigation into Plaintiff's background. As a result, Plaintiff mistakenly believed he had waived whatever rights he had related to the background check.

28. Plaintiff did not understand he had rights pursuant to the Fair Credit Reporting Act.

29. The *Background Check Consent Form* was not "clear." Rather, it was confusing and not understandable by a lay person. As a result, Plaintiff did not understand the nature, scope or depth of Payroll Made Easy's investigation into his background or that he was authorizing the wholesale release of his personal, private and sensitive information.

30. On April 1, 2018 Payroll Made Easy procured Plaintiff's consumer report for employment purposes.

31. Plaintiff values and protects his privacy. If Plaintiff had known Payroll Made Easy had not provided him with a lawful disclosure, Plaintiff would not have allowed Payroll Made Easy to view his personal, private, and sensitive information.

32. Plaintiff values and protects his privacy. If Plaintiff had known Payroll Made

Easy had illegally required him to waive his federally protected rights, Plaintiff would not have authorized Payroll Made Easy to obtain his consumer report.

33. Plaintiff values and protects his privacy. If Plaintiff had known he was authorizing the wholesale release of his personal, private and sensitive information, Plaintiff would not have allowed Payroll Made Easy to obtain his consumer report.

## CLASS ACTION ALLEGATIONS

34. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, in Count I, Plaintiff brings this action for himself and on behalf of a "Background Check Class," defined as:

> **All employees and job applicants in the United States subject of a consumer report obtained by Payroll Made Easy for employment purposes but to whom Payroll Made Easy did not provide a lawful disclosure or obtain lawful authorization in the two years preceding the filing of this action through the date of final judgment.**

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, in Count II, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(ii) on behalf of a "Invalid Authorization Class" consisting of:

> **All employees and job applicants in the United States subject of a consumer report procured by Payroll Made Easy, Inc. for employment purposes but from whom Payroll Made Easy, Inc. did not first obtain lawful authorization in the two years preceding the filing of this action through the date of final judgment.**

36. Numerosity: The members of the putative Background Check and Invalid Authorization classes are so numerous that joinder of all Class members is impracticable. Payroll Made Easy regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently rely on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes

that during the relevant time period there are hundreds if not thousands of consumers that satisfy the definition of the putative classes.

37. <u>Typicality</u>: Plaintiff's claims are typical of those of the members of the putative classes, in that Payroll Made Easy obtained his consumer report for employment purposes without providing him a lawful disclosure or obtaining his written authorization beforehand. The FCRA violations suffered by Plaintiff are typical of those suffered by other members of the putative classes.

38. <u>Adequacy</u>: Plaintiff is a member of and will fairly and adequately protect the interests of the putative classes, and has retained counsel experienced in FCRA class action litigation.

39. <u>Commonality</u>: Common questions of law and fact exist as to all members of the putative classes, and predominate over any questions solely affecting individual members of the putative classes. These common questions include, but are not limited to:

    a. whether Payroll Made Easy procured consumer reports for employment purposes without making the FCRA-required disclosures;

    b. whether Payroll Made Easy procured consumer reports for employment purposes without first obtaining consumers' written authorization;

    c. whether Payroll Made Easy violated the FCRA by procuring consumers reports without a permissible purpose;

    d. whether Payroll Made Easy's failure to provide disclosures or obtain consumer's written authorizations prior to obtaining consumer reports for employment purposes was willful

    e. whether Payroll Made Easy illegally accessed consumer reports;

    f. the proper measure of statutory damages and attorneys' fees;

40. This case is maintainable as a class action because prosecution of actions by or against individual members of the putative classes would result in inconsistent or varying

8

adjudications and create the risk of incompatible standards of conduct for Payroll Made Easy. Further, adjudication of each individual class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

41. This case is also maintainable as a class action because Payroll Made Easy acted or refused to act on grounds that apply generally to the putative classes.

42. Class certification is also appropriate because questions of law and fact common to the putative classes predominate over any questions affecting only individual members of the putative classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Payroll Made Easy's conduct, which is described herein, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative classes do not have an interest in pursuing separate, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Payroll Made Easy's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

43. Plaintiff intends to send notice to all members of the putative classes to the extent required by Federal Rule of Civil Procedure 23. The names and addresses of the putative class members are readily available from Defendant and records maintained by third parties.

## COUNT I
### Failure to Make Proper Disclosure in
### Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(i)

44. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1-3, 5-6, 8-15, 17-34, and 36-43.

45. Payroll Made Easy obtained Plaintiff's consumer report but failed to provide a lawful disclosure or obtain his written authorization beforehand.

*Plaintiff's Concrete Injury: Informational Injury*

46. Plaintiff suffered a concrete informational injury because Payroll Made Easy failed to provide Plaintiff with information to which he was entitled to by statute, namely a clear and conspicuous disclosure. Through the FCRA, Congress created a new right – the right to receive a disclosure as set out in the FCRA – and a new injury – not receiving a disclosure.

47. Pursuant to § 1681b(b)(2)(A)(i), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes. Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured. By depriving Plaintiff of this information, Payroll Made Easy injured Plaintiff and the putative class members he seeks to represent.

48. Payroll Made Easy violated the FCRA by procuring consumer reports on Plaintiff and other putative class members without making the required disclosures before Payroll Made Easy actually procured consumer reports. The required disclosures were not made, causing Plaintiff an informational injury.

*Plaintiff's Concrete Injury: Invasion of Privacy*

49. Payroll Made Easy invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for

employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

50. The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English Common Law. Payroll Made Easy invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his personal, private and sensitive information without any legal basis to do so.

51. The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English Common Law. Payroll Made Easy invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by unlawfully obtaining, and subsequently illegally disseminating Plaintiff's consumer report.

52. The foregoing violations were willful. At the time Payroll Made Easy violated 15 U.S.C. § 1681b(b)(2)(A)(i), Payroll Made Easy knew it was required to provide a standalone disclosure prior to obtaining his consumer report. A plethora of authority, including both case law and FTC opinions, existed at the time of Payroll Made Easy's violations on this very issue. Payroll Made Easy's willful conduct is also reflected by, among other things, the following facts:

    a. Payroll Made Easy is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    b. Payroll Made Easy knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    c. Payroll Made Easy voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

53. Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

54. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

    a. determining that this action may proceed as a class action;

    b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

    c. issuing proper notice to the putative class at Payroll Made Easy's expense;

    d. awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

    e. awarding reasonable attorneys' fees and costs as provided by the FCRA.

<u>**COUNT II**</u>
**Failure to Obtain Proper Authorization in
Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(ii)**

55. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-2, 4-5, 7-14, 16-33, and 35-43.

56. Payroll Made Easy violated the FCRA by procuring consumer reports relating to Plaintiff and other Invalid Authorization class members without their written authorization.

*Plaintiff's Concrete Injury: Informational Injury*

57. Plaintiff suffered a concrete informational injury when Payroll Made Easy circumvented the FCRA's written authorization requirement. When Payroll Made Easy obtained

Plaintiff's consumer report without requiring his lawful authorization, Plaintiff suffered informational injury in that he lost control over the dissemination of his personal and sensitive information – a right Congress intended for him to have through the FCRA.

### *Plaintiff's Concrete Injury: Invasion of Privacy*

58.     Additionally, Payroll Made Easy invaded Plaintiff's right to privacy and intruded upon his seclusion.  The FCRA creates a statutory cause of action akin to intrusion upon seclusion and invasion of privacy, harms recognized as providing the basis for lawsuits under English Common Law.  Under the FCRA, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in subsections 15 U.S.C. §§ 1681b(b)(2)(a)(i)-(ii).

59.     Payroll Made Easy did not obtain Plaintiff's lawful authorization before obtaining his consumer report for employment purposes.  Therefore, Payroll Made Easy illegally invaded his privacy by accessing his consumer report without his consent, authorization, or a permissible purpose.  The foregoing violations were willful.

60.     At the time Payroll Made Easy violated 15 U.S.C. § 1681b(b)(2)(A)(ii), Payroll Made Easy knew that it had to have lawful authorization from Plaintiff and the putative class before it was permitted to obtain their consumer reports for employment purposes.  A plethora of authority, including both case law, and FTC opinions, existed at the time of Payroll Made Easy's violations on this very issue.  Payroll Made Easy's willful conduct is also reflected by, among other things, the following facts:

      a.  Payroll Made Easy is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

  b. Payroll Made Easy knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

  c. Payroll Made Easy voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

61. Plaintiff and the Invalid Authorization Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

62. Plaintiff and the Invalid Authorization Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

  a. determining that this action may proceed as a class action;

  b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

  c. issuing proper notice to the putative class at Payroll Made Easy's expense;

  d. awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

  e. awarding reasonable attorneys' fees and costs as provided by the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiff and the putative classes demand a trial by jury.

Dated this 17th day of January, 2020.

                                              **MORGAN & MORGAN, P.A.**

                                              **/s/** *Marc R. Edelman*
                                              Marc R. Edelman, Esq.
                                              Fla. Bar No. 0096342
                                              201 N. Franklin Street, #700
                                              Tampa, FL 33602
                                              Telephone:  813-223-5505
                                              Fax:  813-257-0572
                                              MEdelman@forthepeople.com
                                              *Attorney for Plaintiff*